Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
LESTER ARGENIS ALMENDARES VELASQUEZ,
individually and on behalf of all others similarly situated,

                             Plaintiff,

     -against-

CUGINI PIZZERIA & RISTORANTE CORP. and DAKARI
SUAREZ PENA and BRANDON SUAREZ PENA, as
individuals,

                           Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **LESTER ARGENIS ALMENDARES VELASQUEZ**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, brings this action against **CUGINI PIZZERIA & RISTORANTE CORP. and DAKARI SUAREZ PENA and BRANDON SUAREZ PENA, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **CUGINI PIZZERIA & RISTORANTE CORP.**, located at 432 Jericho Tpke, Mineola, NY 11501.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

1

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiff*

7. Plaintiff LESTER ARGENIS ALMENDARES VELASQUEZ, residing in Hempstead, NY was employed by Defendants at CUGINI PIZZERIA & RISTORANTE CORP., from in or around July 2024 until in or around August 2025.

### *The Defendants*
### *Corporate Defendant*
### CUGINI PIZZERIA & RISTORANTE CORP.

8. Defendant, CUGINI PIZZERIA & RISTORANTE CORP., is a New York domestic limited liability company organized under the laws of New York with a principal executive office and service of process address at 432 Jericho Tpke, Mineola, NY 11501.

9. At all relevant times hereto, Defendant CUGINI PIZZERIA & RISTORANTE CORP., through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees, including the Plaintiff in the

performance of his duties, which among others include scheduling of work and payment of wages.

10. At all relevant times hereto, Plaintiff's pay checks bear the name of CUGINI PIZZERIA & RISTORANTE CORP.

11. Accordingly, at all relevant times hereto, Defendant CUGINI PIZZERIA & RISTORANTE CORP. was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

12. At all times relevant to the allegations contained in the complaint, Corporate Defendants was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that CUGINI PIZZERIA & RISTORANTE CORP., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

### *Individual Defendants*
### **DAKARI SUAREZ PENA and BRANDON SUAREZ PENA**

13. At all relevant times hereto, Defendants DAKARI SUAREZ PENA and BRANDON SUAREZ PENA own and operate CUGINI PIZZERIA & RISTORANTE CORP.

14. Upon information and belief, Defendants DAKARI SUAREZ PENA and BRANDON SUAREZ PENA are agents of CUGINI PIZZERIA & RISTORANTE CORP.

15. At all relevant times hereto, Defendants DAKARI SUAREZ PENA and BRANDON SUAREZ PENA are responsible for overseeing the daily operations of CUGINI PIZZERIA & RISTORANTE CORP.

16. At all relevant times hereto, Defendants DAKARI SUAREZ PENA and BRANDON SUAREZ PENA have power and authority over all the final personnel decisions at CUGINI PIZZERIA & RISTORANTE CORP.

17. At all relevant times hereto, Defendants DAKARI SUAREZ PENA and BRANDON SUAREZ PENA have power and authority over all final payroll decisions of CUGINI PIZZERIA & RISTORANTE CORP., including the Plaintiff.

18. At all relevant times hereto, Defendants DAKARI SUAREZ PENA and BRANDON SUAREZ PENA have the exclusive final power to hire the employees of CUGINI PIZZERIA & RISTORANTE CORP., including the Plaintiff.

19. At all relevant times hereto, Defendants DAKARI SUAREZ PENA and BRANDON SUAREZ PENA have exclusive final power over the firing and terminating of the employees of CUGINI PIZZERIA & RISTORANTE CORP., including Plaintiff.

20. At all relevant times hereto, Defendants DAKARI SUAREZ PENA and BRANDON SUAREZ PENA are responsible for determining, establishing, and paying the wages of all employees of CUGINI PIZZERIA & RISTORANTE CORP., including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

21. Accordingly, at all relevant times hereto, Defendants DAKARI SUAREZ PENA and BRANDON SUAREZ PENA are Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

## FACTUAL ALLEGATIONS

22. Plaintiff LESTER ARGENIS ALMENDARES VELASQUEZ was employed by Defendants at CUGINI PIZZERIA & RISTORANTE CORP., as a cook and food preparer while performing related miscellaneous duties for the Defendants, from in or around July 2024 until in or around August 2025.

23. During Plaintiff's employment with the Defendants, Plaintiff regularly worked five (5) to six (6) days per week and regularly worked shifts of approximately twelve (12) hours per day.

24. Thus, Plaintiff was regularly required to work approximately sixty (60) to seventy-two (72) hours per week from in or around July 2024 until in or around August 2025.

25. Plaintiff LESTER ARGENIS ALMENDARES VELASQUEZ was paid by Defendants a flat weekly rate of approximately $900.00 per week from in or around July 2024 until in or around August 2025.

26. Plaintiff was paid by the Defendants in a combination of check and cash.

27. Although, Plaintiff worked approximately sixty (60) to seventy-two (72) hours per week from in or around July 2024 until in or around August 2025, Defendants failed to

pay and continue to fail to pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

28. Furthermore, Plaintiff worked in excess of ten (10) or more hours per day approximately five (5) to six (6) days per week from in or around July 2024 until in or around August 2025, however, Defendants have failed to pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

29. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

30. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

31. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

32. Moreover, Defendants are aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

33. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

34. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

36. Collective Class: All persons who are or have been employed by the Defendants as cooks and food preparers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

37. Upon information and belief, Defendants employed approximately 15 or more employees within the relevant time period who were subjected to similar payment structures.

38. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

39. Defendants' unlawful conduct has been widespread, repeated, and consistent.

40. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

41. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

42. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

43. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

44. The claims of Plaintiff are typical of the claims of the putative class.
45. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
46. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
**Overtime Wages Under The Fair Labor Standards Act**

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
48. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
49. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
50. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
51. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
52. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.
53. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

56. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

57. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

60. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants failed to provide Plaintiff with a written notice, in English of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

63. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

66. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid spread of hours compensation;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: October 10, 2025
       Kew Gardens, NY

                                      */s/ Roman Avshalumov*
                                      Roman Avshalumov, Esq. (RA 5508)
                                      Helen F. Dalton & Associates, PC
                                      80-02 Kew Gardens Road, Suite 601
                                      Kew Gardens, New York 11415
                                      Telephone: 718-263-9591
                                      Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LESTER ARGENIS ALMENDARES VELASQUEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

CUGINI PIZZERIA & RISTORANTE CORP. and DAKARI SUAREZ PENA and BRANDON SUAREZ PENA, as individuals

Defendants.

<b>COLLECTIVE ACTION COMPLAINT</b>

HELEN F. DALTON & ASSOCIATES, P.C.<br>
<i>Attorneys for Plaintiff</i><br>
80-02 Kew Gardens Road, Suite 601<br>
Kew Gardens, New York 11415<br>
Phone (718) 263-9591<br>
Fax (718) 263-9598

To:

*Service via Secretary of State:*
**CUGINI PIZZERIA & RISTORANTE CORP. (DOS ID: 6935277)**
432 Jericho Tpke, Mineola, NY 11501

*Via personal service:*
**CUGINI PIZZERIA & RISTORANTE CORP.**
432 Jericho Tpke, Mineola, NY 11501

**DAKARI SUAREZ PENA**
432 Jericho Tpke, Mineola, NY 11501

**BRANDON SUAREZ PENA**
432 Jericho Tpke, Mineola, NY 11501